UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Click Boarding LLC, | Court File No. 21-cv-00210 (NEB/BRT) |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| SmartRecruiters, Inc., | |
| Defendant. | |

Plaintiff Click Boarding LLC ("Click Boarding"), for its First Amended Complaint against Defendant SmartRecruiters, Inc. ("SmartRecruiters"), states and alleges as follows:

**PARTIES**

1. Click Boarding is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota. Click Boarding has thirteen members, none of which are citizens of California or Delaware. Chad Martinson is a resident and citizen of Nevada. Michael Vinji is a resident and citizen of Minnesota. Michael Webster is a resident and citizen of Michigan. Scott Vanek is a resident and citizen of Georgia. Exmarq Capital Partners, Inc. is a Minnesota Corporation with is principal place of business in Minnetonka, Minnesota. Cherin LLC is a Minnesota limited liability company with its principal place of business in Prior Lake, Minnesota. The sole member of Cherin LLC is Chad Wormsbecker, who is a resident and citizen of Minnesota. Curtis Marks, who is a resident and citizen of Florida, is the Trustee of the Curtis G. Marks

Revocable Trust dated January 3, 2003.  Howard Rubin, who is a resident and citizen of Minnesota is the Trustee of the 2011 Greenwood Trust 514 and the 2011 Autobahn NG Trust 514.  Steve Hanson, who is a resident and citizen of Arizona, is the Trustee of: the 2011 Irrevocable Trust for the benefit of Brittney Marks dated December 20, 2011; the 2011 Irrevocable Trust for the benefit of Taylor Marks dated December 20, 2011; the 2011 Irrevocable Trust for the benefit of MacKenzie Marks dated December 20, 2011; and the 2011 Irrevocable Trust for the benefit of Parker Marks dated December 20, 2011.

2. SmartRecruiters is a Delaware corporation with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Click Boarding and SmartRecruiters are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the parties consented to venue in the District of Minnesota and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## CLICK BOARDING AND SMARTRECRUITERS ENTER INTO THE AGREEMENT

5. Click Boarding offers a global software onboarding solution, processes, and related services ("Onboarding Solution").

6. SmartRecruiters is a company with processes and systems that are complementary to the Onboarding Solution. In 2018, SmartRecruiters desired to resell the Onboarding Solution.

7. In March 2018, Click Boarding and SmartRecruiters entered into a Reseller Agreement ("Agreement").

8. The Agreement was and is effective March 12, 2018 through March 12, 2021 ("Initial Term").

9. The Agreement and its provisions cannot be modified, amended, or waived unless such modification, amendment, or waiver is made in writing and signed by both Click Boarding and SmartRecruiters.

10. The Agreement provides that it will automatically renew for consecutive one-year terms unless either party provides written notice of its intent not to renew the Agreement at least three months prior to the end of the then-current term ("Renewal Provision").

11. Before April 9, 2021, neither SmartRecruiters nor Click Boarding had, at any time, provided written notice to the other party of its intent not to renew the Agreement. Under the terms of the Renewal Provision, the Agreement automatically renewed on March 12, 2021, for a one-year term.

12. The Agreement contains a provision regarding SmartRecruiters' ability to compete with the Onboarding Solution ("Competition Provision"). Under the terms of the Competition Provision, SmartRecruiters was and is prohibited from promoting, marketing, selling, providing, or dealing with any product or service that competes,

directly or indirectly, with the Onboarding Solution. This prohibition does not apply to the products or services of a specific list of companies set forth in the Agreement; the list of exempt companies does not include SmartRecruiters.

13. The Agreement contains a provision regarding SmartRecruiters' duty to market the Onboarding Solution ("Marketing Provision"). Under the terms of the Marketing Provision, SmartRecruiters was and is required to use its best efforts to market, advertise, promote, sell, and support the Onboarding Solution, and to use its best efforts to promote the Onboarding Solution to customers and potential customers.

14. The Agreement also contains a provision prohibiting SmartRecruiters, during the term of the Agreement and for a period twelve-months thereafter, from soliciting customers to convert them to services that replace or compete with Click Boarding's Onboarding Solution ("Non-Solicitation Provision").

15. Under the Agreement, after it has sold the Onboarding Solution to a customer, SmartRecruiters is solely responsible for billing and collecting fees from customers. A customer's failure to pay SmartRecruiters does not relieve SmartRecruiters of its obligation to timely make all payments due to Click Boarding under the Agreement.

16. At no point has Click Boarding waived the Agreement's requirement that SmartRecruiters comply with the Competition Provision, Marketing Provision, Non-Solicitation Provision or Renewal Provision. Nor has Click Boarding waived the requirement that SmartRecruiters timely pay all amounts outstanding under the Agreement.

## SMARTRECRUITERS DEVELOPS AND PROMOTES ITS OWN SERVICES IN VIOLATION OF THE AGREEMENT

17. Upon information and belief, SmartRecruiters has developed and is promoting products and services in direct competition to the Onboarding Solution.

18. During December 2020, SmartRecruiters notified Click Boarding that it had offered a customer the option of utilizing the Onboarding Solution or SmartRecruiters' own competing solution. SmartRecruiters has subsequently confirmed in writing that it is continuing to offer its own onboarding solution to the customer, in violation of the Agreement.

19. Upon information and belief, SmartRecruiters has promoted its own competing solution to at least six other prospective customers in violation of the Agreement, and has indicated an intent to test its competing solution with five to ten more in spring 2021 before the product's launch in summer 2021.

20. Typical contracts for onboarding solutions are three to five years in length. For every customer for which SmartRecruiters fails to adequately market the Onboarding Solution, or affirmatively markets its own onboarding solution, Click Boarding will lose substantial fees for the entire three to five year period of the customer contract.

21. Click Boarding also bargained for continuing non-competition rights under the Agreement that survive the termination or expiration of the Agreement. Following termination or expiration of the term of the Agreement, SmartRecruiters is prohibited from terminating any then-existing customer agreements, ensuring that Click Boarding will continue to receive fees for the remaining terms of those contracts. Click Boarding

also is entitled to market, promote, and sell its products and services to all actual and potential customers of SmartRecruiters.

22. The non-competition and non-solicitation rights in the Agreement do not apply, however, in the event that SmartRecruiters properly terminates the Agreement for cause.

## SMARTRECRUITERS WRONGFULLY SEEKS TO TERMINATE THE AGREEMENT

23. On April 9, 2021, Click Boarding's chief revenue officer received a letter via email from SmartRecruiters' legal counsel. The letter purported to provide notice to Click Boarding of its material breaches of the Agreement.

24. The letter stated that if Click Boarding did not cure the alleged material breaches by 11:59 p.m. on May 10, 2021, SmartRecruiters would terminate the Agreement for cause.

25. SmartRecruiters alleged that Click Boarding had materially breached four provisions of the Agreement.

26. Other than its allegation regarding Click Boarding's alleged failure to maintain the required insurance under the Agreement—an allegation that Click Boarding has already cured by providing a correct copy of its insurance certificate—the letter was completely devoid of any specificity, examples, or details as to Click Boarding's alleged material breaches of the Agreement.

27. Without any specificity, examples, or details as to what Click Boarding's alleged material breaches of the Agreement are or were, Click Boarding is unable to cure.

28. The reason SmartRecruiters did not provide any specificity, examples, or details in its letter is because Click Boarding has not materially breached the Agreement.

29. SmartRecruiters knew when it sent the letter that Click Boarding would be unable to cure the alleged material breaches due to a lack of valid notice. Upon information and belief, SmartRecruiters does not intend to accept any curative efforts from Click Boarding and intends to wrongfully terminate the Agreement for cause.

### **SMARTRECRUITERS' FAILURE TO PROVIDE INFORMATION ESSENTIAL TO THE IMPLEMENTATION OF THE ONBOARDING SOLUTION TO A NEW CUSTOMER**

30. On April 12, 2021, a new, large customer elected to use the Onboarding Solution and Click Boarding immediately began preparing to engage in the work necessary to perform its implementation obligations under the Agreement.

31. As in the case on all, or substantially all, prior customer engagements, Click Boarding requested a copy of the sales order and statement of work from SmartRecruiters so that Click Boarding is able to support, set-up, and bill the project.

32. Despite repeated requests, however, SmartRecruiters is refusing to provide those standard and necessary documents Click Boarding requires to do its job under the Agreement.

33. Instead, SmartRecruiters has reported that it is unable to provide the sales order and statement of work based on the ongoing litigation between Click Boarding and SmartRecruiters.

34. By withholding the information Click Boarding needs to successfully implement the Onboarding Solution for the new customer, SmartRecruiters is breaching is obligations under the Agreement.

## SMARTRECRUITERS FAILED TO PAY AMOUNTS OUTSTANDING TO CLICK BOARDING UNDER THE AGREEMENT

35. SmartRecruiters entered into contracts with two customers that included the Onboarding Solution (among other services), but which subsequently resulted in disputes between SmartRecruiters and the customers.

36. SmartRecruiters has failed to pay $273,972.50 in amounts invoiced by Click Boarding related to those two customer contracts, asserting that it is not obligated to do so because it has not been paid by the customers.

37. SmartRecruiters has now stopped paying all obligations to Click Boarding. As of the end of April 2021 (and not including additional amounts due for activities in April), SmartRecruiters has refused to pay $396,788.82 in amounts invoiced by Click Boarding.

## COUNT I
### (Breach of Contract)

38. Click Boarding restates and realleges all previous paragraphs of this Complaint.

39. The Agreement, including its Competition Provision, the Marketing Provision, and the requirement that SmartRecruiters pay Click Boarding amounts owed under the Agreement regardless of whether SmartRecruiters, itself, has been paid by the

customer, is a valid and binding contract into which both Click Boarding and SmartRecruiters freely entered.

40. SmartRecruiters violated, and continues to violate, the Competition Provision by promoting and offering to sell its own competing solution to customers and potential customers.

41. Upon information and belief, SmartRecruiters violated, and continues to violate, the Marketing Provision by promoting and offering to sell its own competing services to customers and potential customers and failing to adequately market the Onboarding Solution.

42. SmartRecruiters violated, and continues to violate, the Agreement by failing to provide the information Click Boarding needs to successfully perform its implementation obligations on the April 12, 2021, customer contract.

43. SmartRecruiters violated, and continues to violate, the requirement that SmartRecruiters pay Click Boarding all amounts owed under the Agreement regardless of whether SmartRecruiters, itself, has been paid by the customer.

44. SmartRecruiters violated, and continues to violate, the Agreement by providing inadequate notice to Click Boarding of its alleged material breaches of the Agreement, for which SmartRecruiters plans to wrongfully terminate the Agreement for cause.

45. SmartRecruiters violated, and continues to violate, the Agreement by failing to pay Click Boarding for work completed under the Agreement.

46. As a result of SmartRecruiters' breach of the Agreement, Click Boarding has been damaged in an amount in excess of $75,000, to be determined at trial.

## COUNT II
**(Declaratory Judgment)**

47. Click Boarding restates and realleges all previous paragraphs of this Complaint.

48. The Agreement is a valid and binding contract between Click Boarding and SmartRecruiters.

49. SmartRecruiters breached the Agreement by promoting and offering to sell its own competing services to customers and potential customers.

50. SmartRecruiters violated the requirement that SmartRecruiters pay Click Boarding all amounts owed under the Agreement regardless of whether SmartRecruiters, itself, has been paid by the customer.

51. SmartRecruiters violated, and continues to violate, the Agreement by failing to provide the information Click Boarding needs to successfully perform its implementation obligations on the April 12, 2021, customer contract.

52. SmartRecruiters violated, and continues to violate, the Agreement by providing inadequate notice to Click Boarding of its alleged material breaches of the Agreement, for which SmartRecruiters plans to wrongfully terminate the Agreement for cause.

53. SmartRecruiters violated, and continues to violate, the Agreement by failing to pay Click Boarding for work completed under the Agreement.

54. As a result of SmartRecruiters' breach of the Agreement, Click Boarding has been damaged.

55. Before April 9, 2021, neither SmartRecruiters nor Click Boarding had, at any time, provided written notice to the other party of its intent not to renew the Agreement. Under the terms of the Renewal Provision, the Agreement automatically renewed on March 12, 2021, for a one-year term.

56. At no point has Click Boarding waived the Agreement's requirement that SmartRecruiters comply with the Competition Provision, Marketing Provision, Non-Solicitation Provision, Renewal Provision, or any other provision of the Agreement. Nor has Click Boarding waived the requirement that SmartRecruiters timely pay all amounts outstanding under the Agreement.

57. A justiciable controversy exists between the parties in this matter.

58. Click Boarding is entitled to a declaratory judgment that:

   a. The Agreement is a valid and binding obligation of the parties;

   b. The Agreement prohibits SmartRecruiters from promoting, marketing, selling, providing, or dealing with any product or service that competes, directly or indirectly, with the Onboarding Solution, except in relation to products and services of those companies exempt from the Competition Provision, as specifically stated in the Agreement;

   c. The Agreement requires SmartRecruiters to use its best efforts to market, advertise, promote, sell, and support the Onboarding

       Solution, and to use its best efforts to promote the Onboarding Solution along with SmartRecruiters' offering of its other services to potential customers;

d.   A customer's failure to pay SmartRecruiters under the Agreement does not relieve SmartRecruiters of its obligation to timely make all payments due to Click Boarding under the Agreement;

e.   Click Boarding has not, at any time, waived the Agreement's requirement that SmartRecruiters comply with the Competition Provision, Marketing Provision, or Renewal Provision. Nor has Click Boarding waived the requirement that SmartRecruiters timely pay all amounts outstanding under the Agreement;

f.   SmartRecruiters did not provide adequate notice to Click Boarding of its alleged material breaches such that SmartRecruiters is entitled to terminate the Agreement for cause;

g.   Click Boarding has not materially breached the Agreement such that SmartRecruiters is entitled to terminate the Agreement for cause; and

h.   SmartRecruiters has breached the Agreement.

## COUNT III
**(Injunctive Relief)**

59.   Click Boarding restates and realleges all previous paragraphs of this Complaint.

60. The Agreement is a valid and binding contract between Click Boarding and SmartRecruiters.

61. In the absence of injunctive relief prohibiting ongoing and subsequent breaches of the Agreement, Click Boarding will be irreparably harmed.

62. Click Boarding requests that the Court enjoin SmartRecruiters from further breaching the Competition Provision, Marketing Provision, Non-Solicitation, or any other provision of the Agreement.

63. Click Boarding requests that the Court enjoin SmartRecruiters from terminating the Agreement pending trial in this matter.

## COUNT IV
### (Unjust Enrichment)

64. Click Boarding restates and realleges all previous paragraphs of this Complaint.

65. Click Boarding conferred a benefit on SmartRecruiters.

66. SmartRecruiters had knowledge of the benefit conferred by Click Boarding.

67. SmartRecruiters has retained the benefit under circumstances where it would be unjust for SmartRecruiters to retain the benefit.

68. To avoid the unjust enrichment of SmartRecruiters, SmartRecruiters should be required to compensate Click Boarding in the amount of the benefit conferred.

## JURY DEMAND

Click Boarding hereby demands a trial by jury for all matters so triable.

WHEREFORE, Click Boarding requests judgment as follows:

1.  For damages relating to SmartRecruiters' breach of the Agreement and unjust enrichment in an amount in excess of $75,000, which shall be established at trial.

2.  Awarding Click Boarding a declaratory judgment that:

    a.  The Agreement prohibits SmartRecruiters from promoting, marketing, selling, providing, or dealing with any product or service that competes, directly or indirectly, with the Onboarding Solution, except in relation to products and services of those companies exempt from the Competition Provision, as specifically stated in the Agreement;

    b.  The Agreement requires SmartRecruiters to use its best efforts to market, advertise, promote, sell, and support the Onboarding Solution, and to use its best efforts to promote the Onboarding Solution along with SmartRecruiters' offering of its other services to potential customers;

    c.  A customer's failure to pay SmartRecruiters under the Agreement does not relieve SmartRecruiters of its obligation to timely make all payments due to Click Boarding under the Agreement;

    d.  Click Boarding has not, at any time, waived the Agreement's requirement that SmartRecruiters comply with the Competition Provision, Marketing Provision, Non-Solicitation or Renewal Provision. Nor has Click Boarding waived the requirement that SmartRecruiters timely pay all amounts outstanding under the Agreement;

  e. SmartRecruiters did not provide adequate notice to Click Boarding of its alleged material breaches such that SmartRecruiters is entitled to terminate the Agreement for cause;

  f. Click Boarding has not materially breached the Agreement such that SmartRecruiters is entitled to terminate the Agreement for cause; and

  g. SmartRecruiters has breached the Agreement.

3. Enjoining SmartRecruiters from further breaching the Competition Provision, Marketing Provision, or any other provision of the Agreement.

4. Awarding Click Boarding prejudgment interest, its attorneys' fees, costs and disbursements incurred herein, including as provided for under the Agreement.

5. Granting Click Boarding such other and further relief as the Court deems just and equitable.

Dated: May 7, 2021

*s/ Joseph J. Cassioppi*
Joseph J. Cassioppi (#0388238)
Emily M. McAdam (#0400898)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077
Email: jcassioppi@fredlaw.com
   emcadam@fredlaw.com

**ATTORNEYS FOR PLAINTIFF**

72755672 v7