## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Click Boarding LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:21-cv-00210-NEB-BRT |
| | ) | |
| SmartRecruiters, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## STIPULATION FOR PROTECTIVE ORDER

The parties stipulate that the Court may enter the following protective order:

1.  **Definitions.**  As used in this protective order:

    a.  "Confidential Information" means information that the designating party in good faith deems to constitute confidential, proprietary, or non-public information of the producing party or non-parties.  Any Confidential Information obtained from any party pursuant to discovery in this action shall be used or disclosed only for the purpose of this action and shall not be used for any other reason or purpose whatsoever, and such use or disclosure may be made only as provided herein;

    b.  "Attorneys' Eyes Only Information" means information that the designating party in good faith deems to constitute highly sensitive Confidential

1

Information that should not be disclosed to non-attorneys because it contains competitive business information, such as customer lists, trade secrets, marketing or sales planning information, data on pricing or costs, profitability information, or other competitively sensitive financial documents. The parties intend to designate only limited documents and information for this more restricted level of confidentiality;

c.   To "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

d.   "Notice" or "notify" means written notice;

e.   "Party" means a party to this action; and

f.   "Protected document" means a document protected by the attorney-client privilege, the work-product immunity, or other applicable privilege or immunity.

**2. Designating a Document, Information, or Deposition as Confidential Information or Attorneys' Eyes Only Information.**

a.   Documents or information produced in the course of discovery that the producing party or non-party believes to contain Confidential Information or Attorneys' Eyes Only Information within the meaning of this Order shall be designated as such by the producing party at the time of production. Copies of documents or portions thereof deemed to be Confidential Information or

2

Attorneys' Eyes Only Information shall be specifically identified and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," respectively, by the producing party or non-party at or before the time of production. Any designation that is inadvertently omitted from a document or testimony may be corrected by notice to all counsel.

b.      All portions of documents (including, but not limited to transcripts, affidavits or demonstratives) shall be considered Confidential Information or Attorneys' Eyes Only Information if they contain any information that previously has been designated Confidential Information or Attorneys' Eyes Only Information. Any pleading, motion, or other document filed with the Court that contains or refers to such designated Confidential Information or Attorneys' Eyes Only Information shall be filed under temporary seal, pursuant to Local Rule 5.6, and clearly marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," respectively.

c.      Any party or non-party may designate any deposition, or any portion or all of a deposition as Confidential Information or Attorneys' Eyes Only Information by doing so on the record at the deposition. Alternatively, a party or non-party may designate information disclosed in a deposition as Confidential Information or Attorneys' Eyes Only Information by notifying all the parties and those who were present at the deposition, within five days of the receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated. The parties shall automatically treat

3

all information disclosed at a deposition as Confidential until that five-day period for express designations expires.

d.     If a witness is expected to testify as to Confidential Information or Attorneys' Eyes Only Information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Information or Attorneys' Eyes Only Information.

e.     Information disclosed in written discovery responses may be designated as Confidential Information or Attorneys' Eyes Only Information by the answering party by indicating within the document the information the party is designating as Confidential Information or Attorneys' Eyes Only Information.

f.     Information disclosed in affidavits may be designated as Confidential Information or Attorneys' Eyes Only Information by the affiant by describing in the affidavit the particular information disclosed therein that is Confidential Information or Attorneys' Eyes' Only Information. Alternatively, counsel may designate information in an affidavit as Confidential Information or Attorneys' Eyes Only Information by including with the affidavit a written statement indicating the material to be so designated.

g.     A non-party producing documents or providing written discovery responses may designate information as Confidential Information or Attorneys' Eyes

Only Information under this Order in the same manner as a party may so designate.

h.      After a non-party produces documents or written discovery responses, any party also may designate any document or response as Confidential Information or Attorneys' Eyes Only Information by notifying all the parties, within five days of the receipt of the responses or documents, of the specific document(s) or response(s) the party is designating as Confidential Information or Attorneys' Eyes Only Information. The parties shall automatically treat all information received from a non-party as Confidential until that five-day period for express designations expires.

**3.    Who May Receive Confidential Information and Attorneys' Eyes Only Information.**

a.      All documents, transcripts, discovery responses, and any other materials, objects, or things that are designated pursuant to this Order as comprising or containing Confidential Information shall be retained by the receiving party, kept confidential, and revealed only to and used only by:

    i.      Counsel of record for the parties in this case, together with any firm members, paralegals and clerical employees working on the case;

    ii.     The parties, including officers, directors, members, managers or employees of the parties whose assistance is reasonably required in the preparation of this case for trial and who need access to the materials to render assistance (subject to paragraph 3(b));

    iii.     Any Court personnel involved in this action, its trial, and any appeal therefrom;

    iv.     A person shown on the face of the confidential document to have authored or received it;

    v.     A court reported or videographer retained in connection with this action; and

    vi.     Experts or consultants retained by any party in connection with this case who sign a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned Click Boarding LLC v. SmartRecruiters, Inc., Case No. 0:21-cv-00210-NEB-BRT, in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or except from a confidential document, and any notes or other document that contains information from a confidential document.

> I declare under penalty of perjury that the foregoing is true and accurate.

b.    All documents, transcripts, discovery responses, and any other materials, objects, or things that are designated pursuant to this Order as comprising or containing Attorneys' Eyes Only Information shall be retained by the receiving party, kept confidential, and not revealed to or used by another

party, including officers, directors, members, managers or employees of the party.

c.     Each person described in ¶¶ 3(a)(i) and 3(a)(ii) shall be deemed bound to the provisions of this Stipulated Protective Order upon execution of this agreement by counsel of record.

4.     **Serving This Protective Order on a Non-Party.**  A party requesting documents or written discovery responses from a non-party must notify the non-party of its right to designate information as Confidential Information or Attorneys' Eyes Only Information, and must provide a copy of this Order and Local Rule 5.6.

5.     **Correcting an Error in Designation.**  A party or non-party who discloses or produces Confidential Information or Attorneys' Eyes Only Information not so designated may, within seven days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6.     **Use of Confidential Information and Attorneys' Eyes Only Information in Court.**

a.     If any party wishes to file with the Court a document that another party has designated Confidential Information or Attorneys' Eyes Only Information, or any filing containing information from a document so designated, the filing party shall so notify the designating party.  Unless the designating party notifies the filing party that the designating party consents to the relevant materials being publicly filed, the filing party must file the relevant materials under temporary seal pursuant to Local Rule 5.6.  The material shall be filed

with the Court in a sealed envelope or other appropriate sealed container with a cover or label with the caption of this litigation, the statement "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER," and an indication of the nature of the contents of such sealed envelope or other container.

b.  No party may make a statement in open court that reveals information designated by another party as Confidential Information or Attorneys' Eyes Only Information, unless the other party has withdrawn the designation or the Court has ruled that the relevant material does not meet the requirements of the designation under this Order.

**7.  Changing Confidential Information or Attorneys' Eyes Only Information's Designation.**

a.  Confidential Information or Attorneys' Eyes Only Information disclosed or produced by a party remains confidential unless the parties agree to change its designation or the Court orders otherwise.

b.  Confidential Information or Attorneys' Eyes Only Information produced by a non-party remains confidential unless the non-party agrees to change tits designation or the Court orders otherwise after providing an opportunity for the non-party to be head.

c.  Any party may move the Court for a finding that information designated as Confidential Information or Attorneys' Eyes Only Information by another party does not meet the requirements for the designation under this Order.

Before applying to the Court under this paragraph, a party must first meet and confer in good faith with the designating party to determine whether the parties can resolve or narrow the issues.  If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential must show that the designation satisfied Federal Rule of Civil Procedure 26(c).

**8.   Handling Confidential Information and Attorneys' Eyes Only Information after Termination of Litigation.**

a.   Within 60 days after the termination of this action (including any appeals), each party must:

    i.   Return or destroy all Confidential Information and Attorneys' Eyes Only Information; and

    ii.   Notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

b.   Notwithstanding paragraph 8(b), each attorney may retain a copy of any confidential document submitted to the Court.

**9.   Inadvertent Disclosure or Production to a Party of a Protected Document.**

a.   Inadvertent production of a protected document shall not constitute waiver of any privilege or immunity.  Such inadvertently produced material shall be returned to the producing party or non-party upon request.  No use shall be made of such material during hearings, depositions or at trial, nor shall such

material be shown to anyone who has not already been given access to such material after the request for its return.  In the event that a receiving party discovers that it has received protected documents, it shall bring that fact to the attention of the producing party or non-party immediately upon that discovery.

b.     A party who is notified or discovers that it may have received a protected document must comply with Federal Rule of Civil Procedure 26(b)(5)(B).

10.    **Security Precautions and Data Breaches.**

a.     Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

b.     A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11.    **Other Obligations.**

a.     Subject to the provisions herein, if another court, administrative agency, or any other person subpoenas or orders production of documents or information designated Confidential Information or Attorneys' Eyes Only Information under the terms of this Protective Order, the party receiving the subpoena shall immediately notify the designating party of the existence of such subpoena or order, shall object to production on the basis of this Protective Order, and shall use its best efforts to afford the producing party

an opportunity to be heard by the court, administrative agency, or other body prior to disclosure of such documents or information.

b.      Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order.

c.      This Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own documents or information.

12.     **Survival of Obligations.** The provisions of this Order regarding Confidential Information and Attorneys' Eyes Only Information shall become binding upon the parties as a stipulation upon execution by counsel, and shall be binding upon the parties to this civil action and upon their agents, employees, and expert witnesses and consultants to whom designated confidential information is disclosed. The provisions of this Order regarding Confidential Information and Attorneys' Eyes Only Information shall continue in full force and effect following termination of this proceeding.

AGREED AND STIPULATED TO:


DATE:  May 14, 2021                     BY:     *s/ Emily M. McAdam*
                                                Joseph J. Cassioppi (#0388238)
                                                Emily M. McAdam (#0400898)
                                                FREDRIKSON & BYRON, P.A.
                                                200 South Sixth Street, Suite 4000
                                                Minneapolis, MN  55402
                                                Telephone: (612) 492-7000
                                                Facsimile: (612) 492-7077
                                                Email:  jcassioppi@fredlaw.com
                                                        emcadam@fredlaw.com

                                                *Attorneys for Plaintiff Click Boarding LLC*




DATE:  May 14, 2021                     BY:     *s/ Jeffrey P. Justman*
                                                Jeffrey P. Justman (#0390413)
                                                FAEGRE DRINKER BIDDLE & REATH
                                                LLP
                                                2200 Wells Fargo Center
                                                90 South Seventh Street
                                                Minneapolis, MN  55402
                                                Telephone: (612) 766-7000
                                                Email:  jeff.justman@faegredrinker.com

                                                Edward F. Roche (Admitted *Pro Hac Vice*)
                                                SMITH, ANDERSON, BLOUNT,
                                                DORSETT, MITCHELL & JERNIGAN,
                                                L.L.P.
                                                Post Office Box 2611
                                                Raleigh, NC 27602-2611
                                                Telephone: (919) 821-1220
                                                Email:  eroche@smithlaw.com

                                                *Attorneys for Defendant*
                                                *SmartRecruiters, Inc.*